NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS ISRAEL GRANADOS-LANDROS, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-71315 Agency No. A079-637-984 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 14, 2019
San Francisco, California

Before: WARDLAW, W. FLETCHER, and LINN,** Circuit Judges.

Jesus Granados-Landros petitions for review of the denial by the Board of

Immigration Appeals ("BIA") of withholding of removal and protection under the

Convention Against Torture ("CAT"). We deny the petition.

1. Substantial evidence supports the agency's finding that the presumption of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

future persecution has been rebutted.[1]  None of Granados-Landros's arguments show "that a reasonable factfinder would have to conclude that the requisite fear of [future] persecution existed."  *See Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010) (citation omitted).  A factfinder can reasonably conclude that the physical harm suffered by a young son living in the same household with an abusive step-father would not continue 20 years later.  This finding is strongly supported by the fact that Granados-Landros lived with his step-father for seven years without physical harm.  It is likewise reasonable to conclude that those years of living together without harm evidenced a new relationship between Granados-Landros and his step-father.

Granados-Landros's argument that his status as "a step-son who 'wronged' his step-father" undermines the government's rebuttal has no merit.  The basis for the past persecution was Granados-Landros's membership in the particular social group of "step-children, or non-biological children," not his status as "a step-son who 'wronged' his step-father."  *See* 8 C.F.R. § 1208.16(b)(1)(iii) ("If the applicant's fear of future threat to life or freedom is unrelated to the past persecution, the applicant bears the burden of establishing that it is more likely than not that he

---

[1] Granados-Landros's opening brief did not "specifically and distinctly raise[]" the issue of whether the government may rebut the presumption of future persecution through a showing of a fundamental change in the personal circumstances of the petitioner alone.  *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).  When asked at oral argument if she intended to raise this issue, counsel for Granados-Landros declined to do so.  Oral Arg. at 8:31–8:56.  Therefore, this argument is waived.  *Id.*

or she would suffer such harm."); *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1076 n.18 (9th Cir. 2017) ("[I]t is the enumerated statutory ground that motivates the persecution that must be related—in other words, the reason for the fear of future persecution must be related to the reason for the past persecution."). To the extent Granados-Landros argues that he fears future persecution as revenge for having caused his step-father to go to jail or for having convinced his mother to divorce his step-father, these fears, even if justified, do not undermine the government's rebuttal. The fear of future harm arising out of a purely personal dispute, without more, is not persecution on the basis of a protected ground. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (citing *Molina-Morales v. INS*, 237 F.3d 1048, 1051–52 (9th Cir. 2001)) ("[P]ersonal disputes [are] not grounds for asylum unless connected to a protected ground."); *Molina-Morales*, 237 F.3d at 1051–52 (noting that fearing retribution from a personal vendetta is not persecution on account of political opinion).

2. Substantial evidence supports the agency's findings that Granados-Landros is not entitled to protection under the Convention Against Torture ("CAT"). Protection under the CAT requires a showing that it is "more likely than not that [the petitioner] would be tortured if removed to the proposed country of removal." *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013).

3

Torture is, *inter alia*, any intentional act which causes severe pain or suffering for certain reasons, with the consent or acquiescence of a public official. 8 C.F.R. § 1208.18(a)(1). The Board agreed with the IJ's finding that it was not more likely than not that Granados-Landros would be harmed upon his return to Mexico. Granados-Landros failed to challenge this finding, which is supported by substantial evidence given that "Luis has not harmed or threatened to harm the applicant for more than a decade*." IJ Decision* at 8–9. This finding is sufficient to support the denial of protection under the CAT in this case.

**DENIED.**